UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

CHRISTOPHER SHARP,

    Plaintiff,   COMPLAINT

v.

LEXISNEXIS RISK SOLUTIONS, INC.,
AMERICAN STUDENT LIST, INC.,
NATIONAL FARMERS UNION LIFE
INSURANCE COMPANY,

                                   DEMAND FOR JURY TRIAL

    Defendants.
_____/

## COMPLAINT

Plaintiff, Christopher Sharp ("Plaintiff"), by and through counsel, files this Complaint against LexisNexis Risk Solutions, Inc. ("LexisNexis"), American Student List, Inc. ("American Student"), and National Farmers Union Life Insurance Company ("National Farmers"), pursuant to the Fair Credit Inaccuracies Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### DEMAND FOR JURY TRIAL

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm

Beach County, Florida.

5. Defendant LexisNexis is a Georgia corporation whose registered agent in Florida is C T Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. Defendant LexisNexis is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant American Student is a Delaware corporation whose registered agent in Delaware is United Corporate Services, Inc., 800 North State Street Suite 304, Dover, DE 19901. Defendant American Student is a "person" as defined by FCRA, 15 USC §1681a(b).

7. Defendant National Farmers is a Florida company whose registered agent in Florida is the Chief Financial Officer, 200 E. Gaines St, Tallahassee, FL 32399. Defendant National Farmers is a "person" as defined by FCRA, 15 USC §1681a(b).

## GENERAL ALLEGATIONS

8. This action involves derogatory and inaccurate reporting by Defendant LexisNexis of Plaintiff's name, address, and date of birth, and alleged accounts with Defendant American Student (the "American Student Account") and Defendant National Farmer (the "Farmers Account") (collectively, the "Inaccuracies.")

9. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

10. Section 1681s-2(b) imposes a second category of duties on furnishers of information.

11. This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *See* § 1681i(a)(2) (requiring CRA's promptly to provide such notification containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

12. Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

13. In or about February 2024, Plaintiff checked his LexisNexis report and realized that it included the Inaccuracies.

14. Plaintiff's LexisNexis credit report reflected an inaccurate and derogatory public record due to the reporting of the Inaccuracies.

15. In or around February 2024, Plaintiff disputed the Inaccuracies with Defendant LexisNexis.

16. In or around March 2024, Defendant LexisNexis provided dispute results to Plaintiff which did not remove the Inaccuracies.

17. Upon information and belief, Plaintiff's credit score has been lowered due to the reporting of the Inaccuracies.

18. As of the filing of this complaint, Defendant LexisNexis is still inaccurately reporting the Inaccuracies on Plaintiff's credit report.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant LexisNexis)

19. Plaintiff incorporates by reference paragraphs ¶¶ 1-18 of this Complaint.

20. Defendant LexisNexis prepared and issued consumer credit reports concerning Plaintiff which previously included the incorrect and derogatory Inaccuracies and continues to include the same information concerning incorrect and derogatory Inaccuracies.

21. On or around February 2024, Plaintiff submitted a dispute to Defendant LexisNexis requesting that Defendant LexisNexis remove the Inaccuracies.

22. Defendant LexisNexis responded to Plaintiff's Dispute and did not remove the Inaccuracies despite LexisNexis having been put on notice of the incorrect and derogatory Inaccuracies.

23. As of the filing of this complaint, the derogatory and incorrect Inaccuracies are still listed on Plaintiff's LexisNexis credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

24. Defendant LexisNexis is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant LexisNexis regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

25. Defendant LexisNexis is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

26. Despite Defendant LexisNexis having received Plaintiff's dispute of the Inaccuracies, LexisNexis continues to list the Inaccuracies.

27. Continuing to list the Inaccuracies in this fashion is significant.

28. By continuing to report the Inaccuracies, third parties believe Plaintiff has incorrect personal identification information and accounts that do not belong to him.

29. Credit scoring algorithms take Plaintiff's account information into consideration when generating a credit score and showing this incorrect information could cause a lower credit score to be generated.

30. Defendant LexisNexis failed to conduct a reasonable investigation and reinvestigation.

31. Defendant LexisNexis failed to review and consider all relevant information submitted by Plaintiff.

32. Defendant LexisNexis failed to conduct an independent investigation when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's dispute.

33. Defendant LexisNexis possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, LexisNexis failed to correct the information.

34. Defendant LexisNexis's reporting of inaccurate information, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Defendant

LexisNexis's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

35. Defendant LexisNexis did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it originally received despite being in possession of evidence that the information was inaccurate.

36. Without any explanation or reason, Defendant LexisNexis continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

37. Plaintiff has suffered damages as a result of the incorrect reporting and Defendant LexisNexis's failure to correct the credit report pertaining to Plaintiff.

38. On at least one occasion within the past year, by example only and without limitation, Defendant LexisNexis violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

39. Defendant LexisNexis failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's LexisNexis credit report.

40. Defendant LexisNexis's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

41. Defendant LexisNexis has willfully and recklessly failed to comply with the FCRA. The failures of LexisNexis to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and

derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which LexisNexis had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised LexisNexis to delete; and [h] the failure to take adequate steps to verify information LexisNexis had reason to believe was inaccurate before including it in the credit report of the consumer.

42. The conduct, action and inaction of Defendant LexisNexis was willful, thereby rendering LexisNexis liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

43. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

44. The appearance of the Inaccuracies on Plaintiff's credit report, namely, the Inaccuracies identified by Plaintiff in Plaintiff's dispute to Defendant LexisNexis, was the direct and proximate result of Defendant LexisNexis's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

45. As a result of the conduct, action, and inaction, of Defendant LexisNexis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

46. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment

PAGE | **7** of **18**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

against Defendant LexisNexis, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant LexisNexis)

47. Plaintiff incorporates by reference paragraphs ¶¶ 1-18 above of this Complaint.

48. On at least one occasion within the past year, by example only and without limitation, Defendant LexisNexis violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

49. On at least one occasion within the past year, by example only and without limitation, Defendant LexisNexis violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed information.

50. On at least one occasion within the past year, by example only and without limitation, Defendant LexisNexis violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

51. Additionally, Defendant LexisNexis negligently failed to list the Inaccuracies as "disputed" in violation of 15 U.S.C. § 168li(c).

52. Defendant LexisNexis has negligently failed to comply with the FCRA. The failures of Defendant LexisNexis to comply with the FCRA include, but are not limited to, the

PAGE | **8** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which LexisNexis had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised LexisNexis to delete; and [h] the failure to take adequate steps to verify information LexisNexis had reason to believe was inaccurate before including it in the credit report of the consumer.

53. The conduct, action, and inaction, of Defendant LexisNexis was negligent, thereby rendering Defendant LexisNexis liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

54. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

55. As a result of the conduct, action, and inaction of Defendant LexisNexis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

56. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant LexisNexis, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which LexisNexis had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised LexisNexis to delete; and [h] the failure to take adequate steps to verify information LexisNexis had reason to believe was inaccurate before including it in the credit report of the consumer.

53. The conduct, action, and inaction, of Defendant LexisNexis was negligent, thereby rendering Defendant LexisNexis liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

54. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Defendant LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

55. As a result of the conduct, action, and inaction of Defendant LexisNexis, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

56. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant LexisNexis, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant American Student)

57. Plaintiff incorporates the allegations regarding the American Student Account and Defendant American Student in ¶¶ 1-18 of this Complaint.

58. Defendant American Student is a provider of data.

59. In or about February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate report from Defendant American Student.

60. In or about February 2024, Plaintiff submitted Disputes of the erroneous and derogatory information reported to Defendant LexisNexis by Defendant American Student.

61. In response to the disputes, Defendant LexisNexis promptly and properly gave notice to Defendant American Student of the Disputes in accordance with the FCRA.

62. As of the filing of this complaint, the inaccurate account has continued to be verified by Defendant American Student on Plaintiff's LexisNexis credit report.

63. Defendant American Student is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

64. On a date better known by Defendant American Student, Defendant LexisNexis promptly and properly gave notice to Defendant American Student of Plaintiff's Disputes in accordance with the FCRA.

65. In response to the notices received from Defendant LexisNexis regarding Plaintiff's Disputes, Defendant American Student did not and otherwise failed to conduct a reasonable investigation into the American Student Account which is the subject of the Disputes.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

66. In response to receiving notice from Defendant LexisNexis regarding Plaintiff's Disputes, Defendant American Student failed to correct and/or delete information it knew to be inaccurate and/or which Defendant LexisNexis could not otherwise verify.

67. Instead of conducting a reasonable investigation, Defendant American Student erroneously validated the American Student Account and continued to report inaccurate information to Defendant LexisNexis.

68. On at least one occasion within the past year, by example only and without limitation, Defendant American Student violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

69. On at least one occasion within the past year, by example only and without limitation, Defendant American Student violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendant LexisNexis.

70. On at least one occasion within the past year, by example only and without limitation, Defendant American Student violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant LexisNexis about the inaccurate information.

71. Upon information and belief, Defendant American Student was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

72. Defendant American Student's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

73. As a direct and proximate result of Defendant American Student's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

74. Defendant American Student's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

75. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant American Student, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant American Student)

76. Plaintiff incorporates the allegations regarding the American Student Account and Defendant American Student in ¶¶ 1-18 of this Complaint.

77. On at least one occasion within the past year, by example only and without limitation, Defendant American Student violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

78. On one or more occasions within the past year, by example only and without limitation, Defendant American Student violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendant LexisNexis.

79. On one or more occasions within the past year, by example only and without limitation, Defendant American Student violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the inaccurate information.

80. When Defendant American Student received notice of Plaintiff's disputes from Defendant LexisNexis, Defendant American Student could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

81. Defendant American Student would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant American Student had reviewed its own systems and previous communications with Plaintiff.

82. Defendant American Student's investigation was per se deficient by reason of these failures in Defendant American Student's investigation of Plaintiff's Disputes.

83. As a direct and proximate result of Defendant American Student's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

84. Defendant American Student's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

85. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant American Student awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant National Farmers)

86. Plaintiff incorporates the allegations regarding the National Farmers Account and Defendant National Farmers in ¶¶ 1-18 of this Complaint.

87. Defendant National Farmers is an insurance company.

88. In or about February 2024, Plaintiff checked his credit report and noticed that there was an inaccurate report from Defendant National Farmers.

89. In or about February 2024, Plaintiff submitted Disputes of the erroneous and derogatory information reported to Defendant LexisNexis by Defendant National Farmers.

90. In response to the disputes, Defendant LexisNexis promptly and properly gave notice to Defendant National Farmers of the Disputes in accordance with the FCRA.

91. As of the filing of this complaint, the inaccurate account has continued to be verified by Defendant National Farmers on Plaintiff's LexisNexis credit report.

92. Defendant National Farmers is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

93. On a date better known by Defendant National Farmers, Defendant LexisNexis promptly and properly gave notice to Defendant National Farmers of Plaintiff's Disputes in accordance with the FCRA.

94. In response to the notices received from Defendant LexisNexis regarding Plaintiff's Disputes, Defendant National Farmers did not and otherwise failed to conduct a reasonable investigation into the National Farmers Account which is the subject of the Disputes.

95. In response to receiving notice from Defendant LexisNexis regarding Plaintiff's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Disputes, Defendant National Farmers failed to correct and/or delete information it knew to be inaccurate and/or which Defendant LexisNexis could not otherwise verify.

96. Instead of conducting a reasonable investigation, Defendant National Farmers erroneously validated the National Farmers Account and continued to report inaccurate information to Defendant LexisNexis.

97. On at least one occasion within the past year, by example only and without limitation, Defendant National Farmers violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

98. On at least one occasion within the past year, by example only and without limitation, Defendant National Farmers violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendant LexisNexis.

99. On at least one occasion within the past year, by example only and without limitation, Defendant National Farmers violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant LexisNexis about the inaccurate information.

100. Upon information and belief, Defendant National Farmers was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

101. Defendant National Farmers' investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

102. As a direct and proximate result of Defendant National Farmers' violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit; (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

103. Defendant National Farmers' actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant National Farmers, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant National Farmers)

105. Plaintiff incorporates the allegations regarding the National Farmers Account and Defendant National Farmers in ¶¶ 1-18 of this Complaint.

106. On at least one occasion within the past year, by example only and without limitation, Defendant National Farmers violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

107. On one or more occasions within the past year, by example only and without limitation, Defendant National Farmers violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Defendant LexisNexis .

108. On one or more occasions within the past year, by example only and without limitation, Defendant National Farmers violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to correct the inaccurate information.

109. When Defendant National Farmers received notice of Plaintiff's disputes from Defendant LexisNexis, Defendant National Farmers could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

110. Defendant National Farmers would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant National Farmers had reviewed its own systems and previous communications with Plaintiff.

111. Defendant National Farmers' investigation was per se deficient by reason of these failures in Defendant National Farmers' investigation of Plaintiff's Disputes.

112. As a direct and proximate result of Defendant National Farmers' violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of the extension of new credit (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

113. Defendant National Farmers' actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

114. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant National Farmers awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: March 22, 2024

                Respectfully Submitted,

                /s/ Gerald D. Lane, Jr.
                **JIBRAEL S. HINDI, ESQ.**
                Florida Bar No.: 118259
                E-mail: jibrael@jibraellaw.com
                **JENNIFER G. SIMIL, ESQ.**
                Florida Bar No.: 1018195
                E-mail: jen@jibraellaw.com
                **GERALD D. LANE, JR., ESQ.**
                Florida Bar No.: 1044677
                E-mail: gerald@jibraellaw.com
                The Law Offices of Jibrael S. Hindi
                110 SE 6th Street, Suite 1744
                Fort Lauderdale, Florida 33301
                Phone: 954-907-1136

                *COUNSEL FOR PLAINTIFF*

PAGE | **18** of **18**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com